IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANAEL J.M. | : | CIVIL ACTION |
|     Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
|     Defendant | : | NO. 25-2366 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    October 7, 2025

Nathanael J.M. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is denied.

**I.      PROCEDURAL HISTORY**[1]

On May 3, 2022, Plaintiff applied for DIB, alleging that disability commenced on February 14, 2020. R. 17. The claim was denied, initially and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On February 1, 2024, Plaintiff appeared for a telephonic hearing, before Philip Healey, Administrative Law Judge ("the ALJ"); Plaintiff, represented by an attorney, and Joseph Goodman, a vocational expert, ("the VE") testified at the hearing. *Id.* On April 18, 2024,

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

the ALJ, using the sequential evaluation process ("SEP") for disability,[2] issued an unfavorable decision. R. 17-33. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on March 12, 2025, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff now seeks judicial review, and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    <u>Personal History</u>

Plaintiff, born on April 11, 1977, R. 32, was 47 years old on the date of the ALJ's decision. He lives with his twenty-five year old son and two year old granddaughter, R. 58; he last worked in 2020. R. 49.

B.    <u>Plaintiff's Testimony</u>

At the February 1, 2024 administrative hearing, Plaintiff testified about his physical and mental limitations. R. 44-61. Physically, standing for more than three minutes causes him

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

excessive back, hip and leg pain. R. 54-55. Plaintiff can only sit for approximately ten to fifteen minutes, before feeling excessive pain. R. 55. Mentally, he has difficulty being alone with his thoughts; he becomes verbally and, occasionally, physically aggressive. R. 51-52. When Plaintiff worked, he had one physical altercation with a female supervisor. R. 61.

Plaintiff performs no household chores. R. 59. His medications cause excessive fatigue and mental fogginess, preventing adequate concentration. R. 60.

C.  Vocational Testimony

The VE characterized Plaintiff's past material handler job as semi-skilled,[3] heavy[4] work. R. 63. The ALJ asked the VE to consider a person of Plaintiff's age, education, work experience, capable of performing light[5] work with additional limitations: unable to climb ladders, ropes and scaffolds and never crawl; occasionally able to climb ramps and stairs, balance, stoop, kneel and crouch; frequently able to reach, handle, finger, feel, push or pull; occasionally able to operate foot controls but unable to work with very loud noise defined as a jackhammer or louder; able to understand, remember, and carry out simple instructions and decisions with occasional workplace changes; unable to have interaction with the public but occasionally able to interact with coworkers and supervisors; unable to perform high stress work, defined as work with assembly line pace or production quotas; unable to work with dangerous machinery or at unprotected heights; unable to tolerate concentrated exposure to dusts, odors, fumes, or pulmonary irritants; able to stand and walk for two hours at a time, with the option to sit at the workstation for five to ten minutes, before

---

[3] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b). It is less complex than skilled work but more complex than unskilled work. *Id.* "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." *Id.*
[4] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(d).
[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

3

standing and walking again. R. 63. The VE opined that this person could not perform Plaintiff's past job but could perform three, alternative, unskilled[6] jobs: (1) routing clerk, 22,000 positions; (2) sorting clerk, 123,000 positions; and (3) cleaner, 175,000 positions. R. 64.[7]

### III.  THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2024.

2. [Plaintiff] not engaged in substantial gainful activity since February 14, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. [Plaintiff] has the following severe impairments: Depression, Anxiety, Borderline personality disorder, PTSD, history of Opioid dependence, Lumbar degenerative disc disease with bilateral spondylosis and anterolisthesis, Thoracic scoliosis without compression fracture, Thoracic degenerative disc disease, and Irritable bowel syndrome (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, I find that, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(c) except [he] could never climb ladders, ropes and scaffolds and never crawl. He could occasionally climb ramps and stairs, balance, stoop, kneel and crouch. He could frequently reach, handle, finger, feel, push or pull. [Plaintiff] could occasionally operate foot controls but could not work with very loud noise defined as a jackhammer or louder. He could understand, remember, and carry out simple instructions and decisions with occasional workplace changes. He could

---

[6] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).
[7] The ALJ and Plaintiff's attorney posed additional hypothetical questions to the VE, R. 64-67; however, none of those questions and answers are relevant to Plaintiff's sole assertion of error.

        have no interaction with the public but could occasionally interact with coworkers and supervisors. [Plaintiff] could perform no high stress work defined as work with assembly line pace or production quotas. He could not work with dangerous machinery or at unprotected heights. He could have no concentrated exposure to dusts, odors, fumes, or pulmonary irritants. [Plaintiff] could stand and walk for two hours at a time, with the option to sit at the workstation for five to ten minutes, before standing and walking again.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on April 11, 1977 and was 42 years old, which is defined as younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not [Plaintiff] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569(a)).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from February 14, 2020, through the date of this decision (20 CFR 404.1520(g)).

R. 19-20, 23, 32-33.

## IV. DISCUSSION

A. <u>Standard of Review</u>

      Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v.*

*Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.    <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that Plaintiff could not perform his past relevant work but could perform other light, unskilled jobs that exist in the national economy and, hence, was not disabled. R. 17-33. Plaintiff disputes the ALJ's non-disability determination and argues that the ALJ reversibly erred by failing to properly explain why he omitted from his residual functional capacity ("RFC") assessment, the consultative examiners' specific limitations on the total amount of time Plaintiff can stand and walk in an eight hour workday. Pl. Br. at 3-10. The Commissioner denies Plaintiff's sole assertion of error. Resp. at 1-10. This court finds that Plaintiff's sole assertion of error lacks merit.

Plaintiff underwent three consultative physical examinations: July 14, 2021, by David Klebanoff, M.D.; September 6, 2022, by Anne Greenberg, M.D. and June 8, 2023, by Dr. Klebanoff. Plaintiff relies upon: (1) Dr. Klebanoff's 2021 opinion that Plaintiff can only stand and walk for a total of five hours in an eight hour workday; (2) Dr. Greenberg's 2022 opinion that he can only stand and walk for four hours in an eight hour workday; and (3) Dr. Klebanoff's 2023 opinion that Plaintiff can only stand and walk for five hours in an eight hour workday. Pl. Br. at

7

5-7. As Plaintiff correctly notes, these limitations are inconsistent with the ability to perform light work, because light work requires the ability to stand and walk for six hours of an eight hour workday. *See* Social Security Ruling ("SSR") 83-10, 1983 WL 31251, *6. Herein, the ALJ found that Plaintiff could perform light work, with additional limitations, none of them including four or five hours of aggregate standing and walking. R. 23. In finding that Plaintiff could perform other work in the national economy at SEP step five, the ALJ relied upon a hypothetical question that did not include Dr. Klebanoff or Dr. Greene's aggregate standing and walking limitations. R. 63. Hence, if the ALJ erred by omitting those necessary specific limitations, his decision would lack substantial evidence. *Rutherford*, 399 F.3d at 554.

For the reasons which follow, the ALJ did not err by omitting the limitations in question. First, the ALJ found the opinions of Drs. Klebanoff and Greene **unpersuasive**. Next, because Drs. Klebanoff and Greene provided numerous limitations, the ALJ was not required to address each limitation individually. 20 C.F.R. § 404.1520c(b)(1). Consistent with that regulation, the ALJ addressed many, but not all, of the specific limitations the two doctors found. *See* R. 29 (addressing Dr. Klebanoff's 2021 opinions and Dr. Greenberg's 2022 opinions), R. 31 (addressing Dr. Klebanoff's 2023 opinions). Furthermore, the ALJ identified specific medical opinions concerning Plaintiff's aggregate ability to stand and walk, which he found to be **persuasive**: those of state agency consultants Lisa Venkataraman, M.D. and Glenda Cardillo, M.D.; both of whom opined that Plaintiff could stand or walk for up to six hours in an eight hour workday.[8] R. 31 (citing Exhibit 2A). The limitations found by the two state agency doctors are consistent with performing the six hours of aggregate standing and walking required for light work. SSR 83-10, 1983 WL 31251, at *6. As such, they provide substantial evidence for the ALJ's RFC assessment.

---

[8] Plaintiff does not mention the opinions of the two state agency doctors in her brief.

To repeat, the ALJ complied with the governing regulation for evaluating medical opinions and identified substantial evidence to support the specific RFC conclusion Plaintiff challenges as erroneous; hence, there is no basis to find error.

    An implementing order and order of judgment follow.